IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| SOUTHERN MOTION, INC. and<br>FUSION FURNITURE, INC.,<br><br>   Plaintiffs,<br><br>v.<br><br>US ASSETS, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO: 3:22-CV-00052-NBB-RP<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Plaintiffs Southern Motion, Inc. ("Southern Motion") and Fusion Furniture, Inc. ("Fusion Furniture", together with Southern Motion, "Plaintiffs"), by and through undersigned counsel, hereby submit this Memorandum Brief in Support of Motion for Default Judgment (this "Memorandum") in support of the Motion for Default Judgment (the "Motion"), filed contemporaneously herewith, requesting the Court to enter a default judgment against Defendant US Assets, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 55(b)(2). In support of this Motion, Plaintiffs state as follows:

**BACKGROUND**

**I. Breach of Contracts**

1. Plaintiffs manufacture and sell furniture to retailers throughout North America. (*See* Motion, Ex. A at ¶ 4).

2. In or around June 2020, Plaintiffs and Loves Furniture, Inc. ("Loves") entered into an agreement that Plaintiffs would provide requested furniture merchandise to Loves in exchange for payment in accordance with invoices issued by Plaintiffs to Loves. (*See id.* at ¶ 5).

3. On June 30, 2020, in conjunction with the agreement between Plaintiffs and Loves, Defendant executed that certain Guaranty (as amended, the "<u>Guaranty</u>"), pursuant to which Defendant absolutely and unconditionally guaranteed to Plaintiffs the payment of all amounts more than 30 days past due owed by Loves to Plaintiffs for the six-month period beginning on June 30, 2020 and ending on December 31, 2020, not to exceed $2,000,000.00 (the "<u>Guaranteed Amount</u>"). (*See id.* at ¶ 6). Further, the Guaranty provides that Defendant is obligated to reimburse Plaintiffs for costs and expenses incurred in connection with the enforcement of the Guaranty, including without limitation, attorneys' fees and other costs of collection (together with the Guaranteed Amount, the "<u>Guarantor Obligations</u>"). (*See id.*).

4. From August 2020 through October 2020, Plaintiffs provided various furniture merchandise to Loves at the request of Loves. (*See id.* at ¶ 7). Upon providing such merchandise to Loves, Plaintiffs provided invoices to Loves setting forth the amounts owed to Plaintiffs and the payment terms. (*See id.*). Specifically, Southern Motion's invoices required payment within 45 days of the delivery of the furniture merchandise, and Fusion Furniture's invoices required payment within 30 days of the delivery of the furniture merchandise. (*See id.*).

5. During the six-month period beginning on June 30, 2020 and ending on December 31, 2020, Loves failed to timely pay Plaintiffs for certain merchandise provided by Plaintiffs in accordance with the payment terms specified in the applicable invoices. (*See id.* at ¶ 8). Specifically, Loves failed to timely pay Plaintiffs $1,810,460.95 for furniture merchandise provided by Plaintiffs. (*See id.*). Of this amount, Loves owed Southern Motion $1,430,459.65 and Fusion Furniture $380,001.30 for furniture merchandise provided to Loves. (*See id.*).

6. Following Plaintiffs' demand in December 2020 that Defendant pay the Guaranteed Amount of $1,810,460.95, Defendant requested that Plaintiffs forbear in the exercise

of their rights and remedies in connection with the Guarantor Obligations to allow Defendant time to pay the amount in full. (*See id.* at ¶ 9).

7. Accordingly, on April 1, 2021, Plaintiffs and Defendant entered into that certain Forbearance Agreement (as amended, the "Forbearance Agreement"), a true and correct copy of which is attached to the Complaint (Doc. 1) (the "Complaint") as Exhibit A, setting forth the terms and conditions of Plaintiffs' agreed forbearance in the exercise of their rights and remedies against Defendant arising as the result of Defendant's failure to pay the Guarantor Obligations. (*See* Doc. 1-1; *see also* Motion, Ex. A at ¶ 10).

8. In exchange for Plaintiffs' agreement to forbear in the exercise of their rights until July 15, 2022 (the "Forbearance Period"), Defendant agreed to, among other things, execute an amended and restated continuing guaranty and pay forbearance payments to Plaintiffs over a twelve (12)-month period. (*See* Doc. 1-1 at pp.4-5, ¶ 5; *see also* Motion, Ex. A at ¶ 11).

9. Pursuant to the Forbearance Agreement, the Forbearance Period shall immediately terminate and Plaintiffs shall immediately be able to enforce or exercise any remedies available under applicable law and the Forbearance Agreement if Defendant breaches, defaults on, or fails to timely perform any obligation or agreement contained in the Forbearance Agreement. (*See* Doc. 1-1 at pp. 3-4, ¶ 4; *see also* Motion, Ex. A at ¶ 12). In addition, Defendant shall be required to pay Plaintiffs, as interest on Defendant's obligations to Plaintiffs, a payment in the amount of $150,000.00 (the "Conditional Interest Charge") if Defendant breaches, defaults on, or fails to timely perform any obligation or agreement contained in the Forbearance Agreement. (*See* Doc. 1-1 at p. 5, ¶ 7; *see also* Motion, Ex. A at ¶ 12). Further, under the terms of the amended and restated continuing Guaranty, Defendant is obligated to reimburse Plaintiffs for costs and expenses incurred by Plaintiffs in connection with the enforcement of the Guaranty,

including without limitation, attorneys' fees and other costs of collection. (*See* Doc. 1-1, at p. 16, ¶ 12; *see also* Motion, Ex. A at ¶ 12).

10. On November 12, 2021, in light of Defendant's inability to make the remaining forbearance payments in accordance with the schedule outlined in the Forbearance Agreement, Plaintiffs and Defendant executed that certain First Amendment to Forbearance Agreement, a true and correct copy of which is attached to the Complaint as Exhibit B, amending the forbearance payment schedule. (*See* Doc. 1-2; *see also* Motion, Ex. A at ¶ 13). As part of the amendment to the Forbearance Agreement, Defendant agreed to the entry of a consent judgment in this Court against Defendant for the full amount of the Conditional Interest charge and all Guarantor Obligations it owes to Plaintiffs, including without limitation, all principal, accrued and accruing interest, and fees and charges, including attorneys' fees and other costs of collection incurred by Plaintiffs, upon early termination of the Forbearance Period for any reason. (*See* Doc. 1-2 at pp. 3-4, ¶ 2.B.; *see also* Motion, Ex. A at ¶ 13).

11. Defendant breached the Forbearance Agreement by, among other things, failing to make forbearance payments timely. Specifically, Defendant failed to make the $180,000.00 forbearance payment due on or before December 1, 2021. (*See* Motion, Ex. A at ¶ 14). As a result, the Forbearance Period terminated, and Plaintiffs have the immediate ability to exercise all availability rights and remedies under applicable law to collect the Guarantor Obligations and Conditional Interest Charge from Defendant. (*See id.*).

**II.     Litigation**

12. On April 7, 2022, Plaintiff initiated the above-styled action by filing the Complaint seeking, among other things, damages arising out of breaches of the Guaranty and Forbearance Agreement.

13. On April 8, 2022, the Clerk of Court issued the Summons in a Civil Action (Doc. 2) (the "Summons").

14. On April 8, 2022, Plaintiff served a copy of the Summons and Complaint on Defendant via process server. (*See* Doc. 6.) According to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendant's deadline to file an answer or other responsive pleading was April 29, 2022.

15. On June 7, 2022, due to Defendant's failure to file an answer or other responsive pleading to the Complaint, Plaintiffs filed the Motion for Clerk's Entry of Default (Doc. 7).

16. On June 9, 2022, the Clerk of the Court entered the Default (Doc. 10) against the Defendant.

## ARGUMENT

17. As established by the allegations in the Complaint and by the the Affidavit of Andy Wellinghoff, Chief Financial Officer of Plaintiffs (the "Wellinghoff Affidavit"), attached to the Motion as Exhibit A, Plaintiffs have sustained damages arising out of the Defendant's failure to satisfy certain payment obligations owed to Plaintiffs pursuant to the Guaranty and Forbearance Agreement. (*See* Motion, Ex. A at ¶¶ 5-14 (setting forth basis of agreements and payment terms)).

18. As of the date of the Motion, the Guaranteed Amount owed by Defendant totals $1,255,460.95. Specifically, Defendant owes Southern Motion $1,122,510.65 and Fusion Furniture $132,950.30. (*See id.* at ¶ 15) (setting out the Guaranteed Amount owed by Defendant).

19. In addition, Defendant owes Plaintiffs the Conditional Interest Charge of $150,000.00 and attorneys' fees and other costs of collection in the amount of $72,595.00. (*See* Doc. 1-1 at p. 5, ¶ 7 (setting out the Conditional Interest Charge owed by Defendant); Doc. 1-1,

5

at p. 16, ¶ 12 (setting out attorneys' fees and other costs incurred); Motion, Ex B at ¶ 8 (same)).[1] Moreover, pre-judgment interest of eight percent (8%) per annum has been accruing with respect to the Guaranteed Amount since the Defendants' breach of the Forbearance Agreement on December 1, 2021, pursuant to MISS. CODE ANN. § 75-17-1(1). Specifically, the total per diem interest amount is $275.17, comprised of a per diem amount of $246.03 for Southern Motion and $29.14 for Fusion Furniture.[2] As of the date of this Motion, the total interest that has accrued on the Guaranteed Amount since December 1, 2021 (when the Defendant breached the Forbearance Agreement by failing to make a forbearance payment) equals $49,452.03 for Southern Motion and $5,857.14 for Fusion Furniture.

## CONCLUSION

For these reasons, the Court should (i) enter an order, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, entering a default judgment against the Defendant and in favor of Southern Motion for $1,394,557.68 and in favor of Fusion Furniture for $361,400.43, comprised of: (a) Guaranteed Amount of $1,122,510.65 in favor of Southern Motion; (b) Guaranteed Amount of $132,950.30 in favor of Fusion Furniture; (c) pre-judgment interest on the Guaranteed Amount of $49,452.03 in favor Southern Motion; (d) pre-judgment interest on the Guaranteed Amount of $5,857.14 in favor Fusion Furniture; (e) the Conditional Interest Charge of $150,000.00 in favor of both Plaintiffs; and (f) attorneys' fees and other costs of collection of $72,595.00 in favor of both Plaintiffs, and (ii) grant Plaintiffs such further and related relief as is just and proper.

---

[1] While Plaintiffs are collectively entitled to only one recovery of the Conditional Interest Charge and attorneys' fees and other costs of collection, Defendant is contractually liable to both Plaintiffs for these amounts.

[2] For Southern Motion, $1,122,510.65 X .08 = $89,800.85, and $89,800.85 / 365 = $246.03. For Fusion Furniture, $132,950.30 X .08 = $10,636.02, and $10,636.02 / 365 = $29.14.

Respectfully submitted this 20th day of June, 2022.

>/s/ Evan N. Parrott
> Evan N. Parrott (MS Bar No. 104564)
> eparrott@maynardcooper.com
> MAYNARD COOPER GALE
> 11 North Water Street
> RSA Battle House Tower, Suite 24290
> Mobile, AL 36602
> Telephone: 251-206-7449
>
> *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2022, I served a copy of the foregoing on the following via U.S. Mail:

US Assets, Inc.
c/o Vcorp Services, LLC
701 S. Carson Street, Suite 200
Carson City, NV 89701